IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADRIAN CORNELIUS BRANHAM,:
        Petitioner,           :         1:16-cv-0553
                               :
v.                               :         Hon. John E. Jones III
                               :
L.J. ODDO,                :
        Respondent.     :

## **MEMORANDUM**

May 23, 2016

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Adrian Cornelius Branham ("Branham"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. (Doc. 1). Branham challenges the legality of his detention based upon his belief that "he is Actually Innocent of the crimes alleged herein[,] [i]n light of [the] recent decision by the U.S. Supreme Court in *Rosemond v. United States*, 134 S.Ct. 1240 (2014) and the 3rd Circuit decision *In Re Dorsainvil*, [ ])." (Doc. 1, p. 2).

Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

## I. <u>BACKGROUND</u>

The following background is set forth in a Report and Recommendation issued in the Southern District of Georgia addressing Branham's Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255:

> On June 8, 2006, a federal grand jury returned an indictment charging Petitioner and several co-defendants with one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C. § 1951 ("the Hobbs Act"). *United States v. Branham*, CR 106–092 (S.D. Ga. June 8, 2006). The indictment also charged Petitioner's co-defendants with armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and possession of a firearm by a convicted felon, in violation of 18 U.S .C. § 922(g)(1). *Id.* However, the Honorable Dudley H. Bowen, Jr., United States District Judge, dismissed the indictment without prejudice as to Petitioner for violation of the Speedy Trial Act. *Id.* On January 9, 2007, Petitioner was re-indicted on the conspiracy charge; Petitioner was also charged, similar to his co-defendants in the first case, with three counts of robbery of commercial businesses, in violation of the Hobbs Act, and three counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Branham*, CR107–001 (S.D.Ga. Jan. 9, 2007) (hereinafter "CR107–001"). Judge Bowen was originally assigned to the case, and Petitioner was represented by appointed counsel, James Pete Theodocion. CR 107–001. Less than two months after the indictment was filed, the case was re-assigned to the Honorable William T. Moore, Jr., United States District Judge, and following a jury trial, Petitioner was convicted on all counts. *Id.* On September 26, 2007, Judge Moore sentenced Petitioner to a term of 1,644 months of imprisonment, or 137 years. *Id.*
>
> Mr. Theodocion then filed a direct appeal on Petitioner's behalf, asserting the following allegations of error: (1) the trial court erred in dismissing original indictment in CR 106–092 without prejudice, and

> (2) his re-indictment on additional charges following the dismissal of the first indictment constituted prosecutorial vindictiveness. *See generally United States v. Branham*, 285 F. App'x 642 (11th Cir. 2008) (*per curiam*). However, the Eleventh Circuit rejected Petitioner's arguments and accordingly affirmed his convictions. *See id.* at 645. Petitioner's *pro se* petition for a writ of certiorari was denied by the United States Supreme Court on January 12, 2009. *Branham v. United States*, [555] U.S. [1117], 129 S.Ct. 941, 173 L.Ed.2d 140 (2009).

*Branham v. United States,* Nos. CV 109-167, CR 107-001, 2010 WL 6659823, at *1 (S.D. Georgia, Oct. 8, 2000) (document citations and footnote omitted). Branham then filed a timely Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging a multitude of grounds of relief. *Id.* at *2. The district court adopted the report and recommendation and denied the petition. April 22, 2011, *Branham v. United States*, No. CV-1090167, 2011 WL 1541937 (S.D. Ga. April 22, 2011).

He filed the instant petition on March 31, 2016, seeking release from custody. (*Id.* at 10).

## II. DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974));

3

*see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h); 28 U.S.C. 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy by motion under § 2255 would be inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *see Okereke*, 307 F. 3d at 120; *see Dorsainvil*, 119 F.3d at 251-52. Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." *Dorsainvil*, 119 F.3d at 251–52. Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be

4

dismissed for lack of jurisdiction." *Id.*, citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.") *See also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Branham contends that "[t]he act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a 2255 motion." (Doc. 1, p. 2, ¶ 13). He further contends that "his remedy by 2255 [is] inadequate and ineffective to test the legality of his detention as *Rosemond* had been decided after the disposition of his prior 2255 petition (filed in 2009). *See In Re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997)." (Doc. 1, p. 4).

The *Rosemond* court held that in order to convict someone of a § 924(c) offense under an aiding and abetting theory, the government must prove "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* at 1243. Although there is no controlling authority directly addressing whether a *Rosemond* claim can be brought in a habeas petition

5

*via* § 2255's savings clause, Supreme Court holdings made after a conviction has become final may not be used as the basis for a collateral challenge to that conviction unless the rule has retroactive effect. *See, e.g., Schriro v. Summerlin*, 542 U.S. 348 (2004). Nowhere in *Rosemond* did the Court indicate that it intended its holding to be applied retroactively, and the rule set forth in *Rosemond* does not appear to meet the qualifications for retroactive application initially set forth in *Teague v. Lane*, 489 U.S. 288 (1989). Further, federal courts faced with similar challenges have universally concluded that Rosemond does not apply retroactively. *See, e.g., United States v. Newman*, 755 F.3d 543, 546–47 (7th Cir. 2014) (discussing Rosemond in context of direct appeal from conspiracy conviction); *United States v. Davis*, 750 F.3d 1186, 1192–93 (10th Cir. 2014) (suggesting prospective application only: "After *Rosemond*, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); *Rodriguez v. Thomas*, 1:14-CV-1121, 2015 WL 179057, *5 (M.D. Pa. January 14, 2015); *Taniguchi v. Butler*, 14–CV–120, 2014 WL 5063748 (E.D.Ky. 2014, Oct. 8, 2014); *Rodriguez–Pena v. Werlich*, 14–CV–994, 2014 WL 4273631, *2 (W.D.La. 2014 Aug. 19, 2014) *Martinez v. United States*, 3:14–CV–1359-L, 2014 WL 3361748, *2 (N.D.Tex. July 9, 2014). Since the rule articulated in *Rosemond*

does not apply retroactively to cases on collateral review, the section 2255 savings clause is unavailable to Branham.

Accordingly, the instant petition is subject to dismissal as this Court lacks jurisdiction.

## III.   CONCLUSION

For the above stated reasons, the petition will be dismissed for lack of jurisdiction.  Notably, dismissal will be without prejudice to any right Branham may have to pursue relief under § 2255 in either the sentencing court or the Court of appeals for the Eleventh Circuit.

An appropriate order will issue.